```
             UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                        Criminal No. 05-cr-254-01-JD

FNU LNU a/k/a Jimmy Oshunkey

                            O R D E R

     The defendant has moved in limine to exclude certain evidence from his upcoming trial.  He has been charged with (1) knowingly furnishing false information to the Commissioner of Social Security with the intent to deceive as to his true identity in violation of 42 U.S.C. § 408(a)(6), and (2) knowingly using another person's means of identification to do so in a manner affecting interstate commerce in violation of 18 U.S.C. §§ 1028(a)(7) and (c)(3)(A).  The government objects.

     The government alleges that, on September 13, 2005, the defendant appeared at the Social Security Administration's office in Nashua, New Hampshire, seeking a social security card, purportedly to replace one previously issued to him.  On that day, the defendant allegedly identified himself as Jimmy Oshunkey, born June 8, 1964, in Atlanta, Georgia.  The social security number the defendant allegedly claimed, however, had been issued in 1979 to one Sheyi Oshuwkeye, born August 6, 1957, in Lagos, Nigeria.  The government therefore charges that the

defendant used either someone else's social security number, someone else's biographical information, or both, in a fraudulent attempt to obtain a social security card. The defendant explains that he is, in fact, Sheyi Oshuwkeye, and that he was, in fact, issued the social security number in question, but that he has since "Americanized" his name to Jimmy Oshunkey.

Through separate motions, the defendant seeks to exclude (1) a Massachusetts "Firearm Identification Card" identifying him as Jimmy Oshunkey, born June 8, 1964, in Atlanta, Georgia, and (2) testimony from an Immigration and Customs Enforcement agent that it has no record of anyone lawfully entering the United States under either name. The defendant argues that each of these pieces of evidence is irrelevant to the charges against him but that, even if it is, its probative value is substantially outweighed by its prejudicial effect.

Specifically, the defendant argues that the firearm identification card is irrelevant to the government's case because it supports, rather than contradicts, the allegation that he is Jimmy Oshunkey. One of the government's theories, however, is that the defendant is Oshunkey, but fraudulently attempted to procure a social security card with a number already assigned to Oshuwkeye. In any event, the government represents that the defendant presented the very same firearm identification card to

the Nashua Social Security office as proof of his purported identity during the incident of September 13, 2005.  Thus, if the defendant is not Oshunkey, he used the card as part of the alleged scheme to obtain a social security card with another person's name.  Under either theory, i.e., whether the defendant is or is not actually Oshunkey, the card is relevant.

   The defendant also argues that any probative value the card has would be substantially outweighed by its prejudicial effect in that it suggests that its holder "may have owned or possessed a firearm" and therefore "would only cause the jury to speculate if [sic] the defendant may be dangerous in some way."  Mot. in Limine ¶¶ 5, 6.  As this argument recognizes, however, holding a gun license does not necessarily equate with owning a gun.  Furthermore, as the government points out, gun ownership itself does not indicate dangerousness, particularly when the existence of the identification card suggests that, even if the defendant owned a gun, he had a license to do so legally.  Any prejudice to the defendant from the firearm identification card, then, is minimal at worst and therefore does not outweigh its probative value.  See United States v. Williams, 2006 WL 1071232, at *8-*9 (11th Cir. Apr. 24, 2006) (unpublished disposition) (upholding admission, in gun possession case, of photographs of defendant posing with replica handguns over his objection that they

portrayed him as "gun-toting lawbreaker" and therefore should have been excluded under Rule 403).

The defendant also objects to the anticipated testimony on the absence of any record of lawful entry into the United States by anyone named either Jimmy Oshunkey or Sheyi Oshuwkeye.  This evidence is irrelevant, he contends, because the government has not charged him with any immigration violation.  As the government points out, however, evidence tending to show that the defendant is an illegal alien helps establish a motive for one of his alleged crimes--falsely representing his place of birth as Atlanta in attempting to get a social security card identifying him as an American citizen.  The evidence is similarly probative as to his state of mind in doing so.  Accordingly, the expected testimony as to the defendant's apparently unlawful entry into the country is relevant.  See Fed. R. Evid. 404(b); United States v. Remache-Garcia, 102 Fed. Appx. 761, 2004 WL 1530357, at *2 (3d Cir. July 8, 2004) (unpublished disposition) (upholding admission of evidence of defendant's status as illegal alien in case charging violation of 18 U.S.C. § 1028 because his "immigration status was, according to the prosecution, the very reason" for the alleged crime).

Finally, the defendant argues that this evidence is unfairly prejudicial because it suggests that he "may be an illegal alien

4

in the United States and at a time when this issue is discussed daily." Mot. in Limine ¶ 6.  While the court recognizes that one side of the recent public discourse on immigration has largely cast illegal aliens in an unfavorable light, this general observation alone cannot justify the exclusion of relevant evidence.  See United States v. Yi, 451 F.3d 362, 370-71 (5th Cir. 2006).  During jury selection, the court will explore any prejudices among potential jurors that tend to affect their ability to consider this case fairly.

## Conclusion

For the foregoing reasons, the defendants' motions in limine (document nos. 19 and 20) are DENIED.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

July 27, 2006

cc:  Stanley W. Norkunas, Esquire
     Alfred J.T. Rubega, Esquire
     U.S. Probation
     U.S. Marshal