```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                              Criminal No. 05-cr-254-01-JD

FNU LNU a/k/a Jimmy Oshunkey

O R D E R

The defendant has moved to suppress certain documents allegedly seized from a unit he rented at a self-storage facility.  The government intends to introduces those materials as exhibits 23 through 46 at the defendant's upcoming trial on charges of presenting false information, including another person's identification, to the Social Security Commissioner.

The defendant had been leasing the storage unit in question, located in Billerica, Massachusetts, at the time he was arrested on the instant charges on December 15, 2005.  In the body of his motion to suppress, the defendant represents that only he had access to the unit and only his items were stored there.  Following his arrest, however, the defendant stopped paying rent for the unit.  Though the defendant represents that he "had contact with the management of the facility to apprise them of his situation," he does not say how the management responded to this information.  Mot. Suppress. ¶ 5.

On May 16, 2006, a government agent learned that the

facility planned to auction the property stored in the unit the next day because the defendant had not paid rent since December 2, 2005, and "a locker is considered abandoned if the rental fee is not paid for 60 days."  Obj. Mot. Suppress at 2.  The agent, together with a postal inspector, then "requested and were granted permission to inspect the contents of the locker" by facility management.  Id.  This inspection turned up the documents in question.

The defendant argues that, because he had a reasonable expectation of privacy in the storage unit and its contents, their search and seizure without a warrant violated the Fourth Amendment.  The government responds that the defendant, in fact, had relinquished any such expectation by failing to pay rent on the unit for several months prior to the search, which gave the facility the right to dispose of the property.

To have standing to challenge a search or seizure, the defendant has the burden to show that he has a reasonable expectation of privacy in the area searched or the items seized. E.g., United States v. Romain, 393 F.3d 63, 68 (1st Cir. 2004); United States v. Dunning, 312 F.3d 528, 531 (1st Cir. 2002); United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir. 1994).  In United States v. Melucci, 888 F.2d 200 (1st Cir. 1989), the First Circuit ruled that the defendant lacked a reasonable expectation

of privacy in a storage unit or its contents where he had fallen more than one month behind in his rent payments, allowing the owner of the facility to effect a repossession under the lease by removing the lock and entering the unit, at which point he discovered contraband and summoned the police.  Id. at 21.  The circuit reasoned that these facts "indicate[d] that [the defendant's] possession and control over the unit had terminated by the time of the search."  Id.; see also United States v. Poulsen, 41 F.3d 1330, 1335-37 (9th Cir. 1994) (no reasonable expectation of privacy in storage unit on which defendant failed to pay rent, triggering facility's rights to enter unit, remove property, and impose lien on it); United States v. Abiodun, 2005 WL 3117305, at *2-*3 (S.D.N.Y. Nov. 22, 2005) (similar).

   Here, the defendant likewise failed to pay at least four month's rent by May, 2006, causing the facility to treat his storage unit as abandoned long before the agents inspected the property stored there.  He therefore relinquished any reasonable expectation of privacy he had in the unit or its contents.  The fact that the defendant "apprised" the management of the storage facility that he had been arrested, presumably as a justification for his failure to pay rent, does not itself support a different result.  See Poulsen, 41 F.3d at 1337 (noting that defendant's inquiry as to access to storage unit despite outstanding rent

3

served only to demonstrate his awareness of that fact).  Indeed, the defendant, who has the burden to show a reasonable expectation of privacy, does not suggest that management gave any indication that it would not proceed to enforce its rights to the unit and its contents in spite of his incarceration.

The defendant's argument that he retained "a right to claim his items up until the time of any auction," Mot. Suppress at 3, is similarly unavailing.  It is true that Massachusetts law provides that "[e]xcept as otherwise . . . stated in the rental agreement, the exclusive care, custody and control of all property stored in the leased self-service space shall vest in the occupant until a lien sale . . . ."  Mass. Gen. Laws ch. 105A, § 6.  The defendant does not explain, however, how this provision can be interpreted to prevent the facility from allowing third parties simply to inspect the property prior to the sale as the federal agents did here.[1]  In any event, the imposition of a lien over a defendant's items kept in a storage

---

[1] Such an interpretation is problematic for practical reasons:  a successful auction cannot be expected to take place unless prospective purchasers have the opportunity to examine the goods up for sale.  Furthermore, a different provision of the same Massachusetts statute gives the facility the right to exclude the lessee from the unit after five days' default except "for the sole purpose of viewing the contents of his leased space in order to verify the contents therein."  Mass. Gen. Laws ch. 105A, § 5.  Taken as a whole, then, the Massachusetts law does not appear to support the defendant's position.

facility by virtue of his failure to pay rent has been found sufficient to extinguish his expectation of privacy in them under similar circumstances.  <u>Poulsen</u>, 41 F.3d at 1335-37; <u>Abiodun</u>, 2005 WL 3117305, at *4.

 Accordingly, the defendant has failed to carry his burden to show a reasonable expectation of privacy in the storage unit or its contents under the totality of the circumstances.  <u>See Melucci</u>, 888 F.2d at 202.  His motion to suppress (document no. 27) is therefore DENIED.

 Finally, the admissibility of the documents in question is an issue which will be addressed during trial.  None of the documents shall be referred to without a prior ruling by the court that the document is admissible.

 SO ORDERED.

*[signature: Joseph A. DiClerico, Jr.]*
Joseph A. DiClerico, Jr.
United States District Judge

August 16, 2006

cc: Stanley W. Norkunas, Esquire
   Alfred J.T Rubega, Esquire